Case 4:24-cv-00831   Document 40   Filed on 08/25/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SILO TECHNOLOGIES, INC., §<br>   *Plaintiff*, §<br> §<br>v. §<br> §<br>B&R EXPRESS LLC AND §<br>DANNY BAQUERO, §<br>   *Defendants*. § | CIVIL ACTION NO. 4:24-CV-00831 |

# MEMORANDUM AND RECOMMENDATION

On July 22, 2025, the Court entered a Final Judgment awarding Plaintiff damages, attorneys fees, and interest and closed this case.[1] ECF 37. Now before the Court is Plaintiff's ex parte Verified Application for Writ of Garnishment.[2] ECF 39. The Court recommends that the Application be DENIED.

Federal Rule of Civil Procedure 69 authorizes use of a writ of garnishment action to collect a judgment to the extent permitted by state law. However, the Fifth Circuit requires a party seeking a writ of garnishment against a third party who was a stranger to the original proceeding to bring a separate, independent garnishment proceeding from the action in which the judgment is entered and to establish an

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.
[2] The duplicate but incomplete Application filed as ECF 38 is TERMINATED AS MOOT in light of the corrected Application filed as ECF 39.

independent basis for subject matter jurisdiction. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 774 F. Supp. 3d 799, 803-04 (N.D. Tex. 2024) (citing *See Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986)). This Court does not possess ancillary jurisdiction over a subsequent garnishment action even though the garnishment is sought to satisfy a judgment entered in this case. *Id.*; *see also Denton v. Suter*, No. 3:11-CV-2559-N, 2015 WL 510969, at *2 (N.D. Tex. Feb. 6, 2015) (holding that under Fifth Circuit precedent "Plaintiffs' writ of garnishment is necessarily an action separate and independent from this action giving rise to the judgment debt and that this Court lacks jurisdiction in this closed action to entertain Plaintiff's attempted garnishment of Bank of America, N.A. as Defendants' bank or, for that matter, Bank of America, N.A.'s request to recover its attorneys' fees and costs").

District courts in the Southern District of Texas have recognized that the proper procedure is to bring a new, independent writ of garnishment action to enforce a federal judgment. *See Smith v. PNC Bank*, No. 7:24-CV-00438, 2025 WL 1549462, at *1 (S.D. Tex. May 30, 2025) (granting writ of garnishment to enforce an award of attorney's fees in a prior action styled *Rodriguez v. Rodriguez et al.*, No. 7:22-CV-00176, (S.D. Tex. Sept. 30, 2022)); *FCCI Ins. Co. v. Marine Tech Servs., LLC*, No. 4:22-CV-03811, 2023 WL 4303654, at *3 (S.D. Tex. June 30, 2023) (holding that it was proper for judgment creditor to bring writ of garnishment action

as a separate proceeding from underlying action which judgment was entered), *report and recommendation adopted*, No. 4:22-CV-03811, 2023 WL 4873952 (S.D. Tex. July 28, 2023).

For these reasons, the Court RECOMMENDS that Plaintiff's ex parte Verified Application for Writ of Garnishment be DENIED WITHOUT PREJUDICE to refiling as a separate action with an independent basis for subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 25, 2025, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge